Preliminary Hearing

AO 432
(Rev. 2/84)

Administrative Office of the United States Courts

## WITNESS AND EXHIBIT RECORD

| DATE 8/16/07 | CASE NUMBER 07-148M | OPERATOR Golden | | | PAGE NUMBER 1 | |
|---|---|---|---|---|---|---|
| NAME OF WITNESS | DIRECT | CROSS | REDIRECT | RECROSS | PRESIDING OFFICIAL | |
| Veronica Hnat (ATF Spec. Agent) | 1:22pm | 1:27pm | — | — | MPT | |

FILED
AUG 16 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| 1 | Criminal Complaint | 1 | Yes |

# In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

MATIMA MILLER,
Defendant

Criminal Complaint

CASE NUMBER: 07-

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about 8/11/07 in the District of Delaware, Defendant MATIMA MILLER did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted on or about 10/15/2002 of a crime punishable by imprisonment for a term exceeding one year,

in violation of Title _____18_____ United States Code, Section(s) _922(g)(1) and 924(a)(2)._

I further state that I am a(n) Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosive and that this complaint is based
                                        Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
Special Agent, ATF

Sworn to before me and subscribed in my presence,

__8/11/07_____ at   Wilmington, DE
Date                      City and State

_Judge Marilyn Walls_     _____
Name & Title of Judicial Officer   Signature of Judicial Officer



GOVERNMENT EXHIBIT
1
07mj148m

I, Veronica M. Hnat, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over seventeen years. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over hundred occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. You Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 1989.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on August 11, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by the Officers of the Wilmington Department of Police who have personal knowledge of the stated facts.

4. On August 11, 2007, at approximately 0114 hours, the Wilmington Department of Police were in the area of the 2800 block of Northeast Boulevard, Wilmington, Delaware when they heard shouts coming from the Thunderguards Club, a private club located in the 2800 block of Northeast Boulevard and observed several people chasing someone and yelling to them that he has a gun.

5. The Wilmington Police Officers joined in the chase of the individual who was seen having a firearm. The subject, Matima Miller, black male, date of birth [redacted] was apprehended in the 1200 block of East 27th Street, Wilmington, Delaware, after being shot by a tazer gun. The witness showed the Police the route in which they chased Matima Miller and the Police as well as, the witness retraced Miller's path. In the alley of the 1200 block of East 28th Street, Wilmington, Delaware the Police located a loaded New England Firearms, model R73, .32 caliber revolver, serial number NB004888 in a pile of trash. The firearm was taken into custody by the Wilmington Police.

6. Matima Miller was transported to Wilmington Hospital, according to the Wilmington Department of Police protocol when an individual is shot by a tazer gun. Shortly after being admitted to Wilmington Hospital, Miller was released and turned back over to the Wilmington Department of Police.

7. An interview of the witness, by the Wilmington Police, indicated that Matima Miller wanted to enter into the Thunderguards Private Club, the witness told Miller that he needed to be patted down before he entered into the club. The witness stated that Miller did not want to be

patted down and took a step back and produced a firearm. The witness stated that Miller started to run and they chased him yelling to the Police that he had a gun.

8. Your affiant reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS), and learned that the defendant has a prior felony conviction for Trafficking Cocaine, for which he pled guilty to on 10/15/2002 in the New Castle County Superior Court for the State of Delaware, which is a crime punishable by imprisonment for a term exceeding one year.

9. From you affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above mentioned firearm was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

10. Based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the above-mentioned seized firearm contained the frame and receiver of a firearm, and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

11. Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Veronica M. Hnat
Special Agent, ATF

Sworn to and subscribed in my presence
This 11th day of August, 2007

_____