Filed in Open Court this 10th day of January, 2008

dk.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 07-114-JJF |
| | ) |
| MATIMA MILLER | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware and Shawn A. Weede, Assistant United States Attorney for the District of Delaware, and the defendant, Matima Miller, by and through his attorney, Luis A. Ortiz, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count One carries a maximum sentence of a term of imprisonment of ten (10) years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment: (1) on or about August 11, 2007, he knowingly possessed a firearm, that is a New England Firearms .32 caliber revolver, serial number #NB004888; (2) he had previously been convicted of a felony crime punishable by more than one year of imprisonment on or about October 15, 2002, in the Superior Court in and for New

FILED
JAN 10 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Castle County, Delaware; and (3) the firearm affected interstate commerce, that is, that the firearm had previously crossed state lines. The defendant knowingly, voluntarily and intelligently admits his guilt to each of the above described elements of Count One of the Indictment.

3. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count One of the Indictment, to wit, the New England Firearms .32 caliber revolver, serial number #NB004888, seized from him by police on or about August 11, 2007. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence within the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different

than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate. Further, if it is determined that the defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the government agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three points.

6. Based on the facts known to the Government as of the date of this Memorandum of Plea Agreement, the Government agrees that the evidence does not warrant the application of a four level enhancement under Sentencing Guideline Section 2K2.1(b)(6) based on the allegation that the defendant fired the firearm in question on the date of his arrest.

7. Based on the information known to the Government as of the date of this Memorandum of Plea Agreement, the United States estimates the defendant's offense level (before acceptance of responsibility) to be a level 20. U.S.S.G. § 2K2.1(a)(4)(A). Additionally, based on the information known to the Government as of the date of this Memorandum of Plea Agreement, the United States estimates that the defendant is a Criminal History Category IV. Accordingly, based on these estimations, the Government further estimates that the defendant's guideline range will be 37 to 46 months. The defendant understands that this is an estimation by the Government and not a recommendation; the Government is not bound to recommend this range if the facts determined by the PSR or the Court are different from what the Government presently expects. The defendant

further understands that the Court is not bound by the Government's estimations as to the defendant's offense level, criminal history and guideline range; rather, the final determination of the sentencing guidelines will be up to the sentencing judge. The defendant acknowledges that if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, he will not be allowed to withdraw his guilty plea.

8. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

9. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Luis A. Ortiz, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: _____
Shawn A. Weede       /SMB
Assistant United States Attorney

_____
Matima Miller
Defendant

Dated: 1-10-08

**AND NOW**, this 10 day of January, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge

5